IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LM INSURANCE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 1835 |
| | ) |
| SPAULDING ENTERPRISES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff LM Insurance Corp. ("LM") alleges that in January 2006 it brought an action against Spaulding Enterprises, Inc. ("Spaulding Enterprises") in federal court and obtained a judgment in the amount of $218,667.27 ("2006 Case"). Spaulding Enterprises was allegedly owned equally by John Lalagos ("Lalagos"), who also served as the President of the company, and his wife Jean Lalagos. LM claims that, after obtaining the judgment in the 2006 Case, it filed a citation to discover assets and obtained $21,691.20 from Spaulding Enterprises' bank account.

1

According to LM, Lalagos continued to operate the Spaulding Enterprises business in the name of Spaulding Moving and Storage, Inc. ("Spaulding Moving") and Lalagos concealed the business operations in order to avoid the collection efforts of LM. LM allegedly negotiated a settlement ("Settlement") with Spaulding Enterprises, and LM at the time was ignorant of the operations of Spaulding Moving. The Settlement allegedly obligated Lalagos to pay a reduced amount under a payment plan. Spaulding Enterprises allegedly made the first two payments in December 2006 and January 2007 that reduced the debt to $185,776.07, and then ceased making payments.

On February 8, 2007, LM allegedly received a letter from Defendant Rally Capital Services, LLC ("Rally") informing LM that an Assignment for the Benefit of Creditors ("ABC") had occurred with Spaulding Enterprises and that Defendant Jeffrey D. Samuels ("Samuels"), an employee of Rally, was the trustee of the ABC. According to LM, Samuels ultimately approved the sale of Spaulding Enterprises' assets to Defendant Spaulding Trucking, Inc. ("Spaulding Trucking") for $5,000, which LM contends was not a reasonable price for the assets. LM also claims that Lalagos has signatory authority for Spaulding Trucking and that Lalagos controls the individuals in charge of Spaulding Trucking. The owner and President of Spaulding Trucking is allegedly Laura Rosetti, who is Lalagos' sister-in-law, and Jean Lalagos is allegedly the Treasurer of Spaulding Trucking. LM also contends that the registered agent of Spaulding Trucking is the same attorney that represented Spaulding Enterprises, that Spaulding Trucking operates at the same address as

2

Spaulding Enterprises, and that the two companies have the same employees.

LM asserts that Samuels breached his fiduciary duty to obtain a reasonable price for the assets of Spaulding Enterprises and that Lalagos and Jean Lalagos induced Samuels to breach his fiduciary duty. LM also alleges that Lalagos and Jean Lalagos breached their fiduciary duty as owners and officers of Spaulding Enterprises to hold Spaulding Enterprises' assets in trust for its creditors. LM brought the instant action and includes in its complaint a breach of fiduciary duty claim brought against Samuels and Rally (Count I), an inducement of a breach of fiduciary duty claim brought against Lalagos, Jean Lalagos, and Spaulding Trucking (Count II), a breach of fiduciary duty claim brought against Lalagos and Jean Lalagos (Count III), a fraudulent conveyance claim brought against Spaulding Moving and Spaulding Trucking (Count IV), a successor liability claim brought against Spaulding Trucking (Count V), an alter ego claim brought against Lalagos, Jean Lalagos, Spaulding Enterprises, Spaulding Moving, and Spaulding Trucking (Count VI), a conspiracy to defraud claim brought against all Defendants (Count VII), and a fraud claim brought against all Defendants (Count VIII). Defendants now move to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus*

*Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus,* 322 F.3d at 946 (emphasis in original). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel,* 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.,* 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus,* 322 F.3d at 946.

## DISCUSSION

Defendants argue that this court lacks subject matter jurisdiction in this case since the amount in controversy requirement is not met. LM alleges in the complaint

that this court has diversity subject matter jurisdiction and LM does not assert that there is federal question subject matter jurisdiction in this case. (Compl. Par. 11). Diversity subject matter jurisdiction exists if there is diversity of citizenship between the plaintiffs and defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a). In regard to an action initiated in federal court, a district court should find that the amount in controversy requirement is satisfied "unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Smith v. Am. Gen. Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003)(quoting in part *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 (1938)). The plaintiff that brings a case in federal court is "the proponent of jurisdiction" that "bears the risk of non-persuasion" and "it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005); *Wellness Cmty.-Nat'l. v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)(stating that "[t]he party seeking a federal forum has the burden of establishing jurisdiction").

LM argues that the amount in controversy requirement is met in this case because the debt that LM is owed on the judgment in the 2006 Case is $185,776.07. (Ans. 3). However, the instant action is not a collection proceeding for the 2006 Case. LM has a means to pursue Spaulding Enterprises assets through citations to discover assets filed in the 2006 Case. LM itself acknowledges that it has already obtained funds through such means. Nor did LM bring the instant action seeking to

5

enforce the Settlement. LM has conspicuously titled and delineated all of its claims and LM clearly has not included a breach of contract claim in the complaint. LM has not sought in the instant action to vindicate its rights under the Settlement or to recover the debt still owed under the judgment entered in the 2006 Case. Thus, LM cannot state in good faith that the debt owed in the 2006 case is a part of the amount in controversy in this case. LM is solely seeking to vindicate its harm caused by the alleged fraudulent concealment and transfer of assets and it is the amount involved in such matters that is relevant for the amount in controversy requirement in this case.

LM contends that the amount in controversy is met since Spaulding Enterprises allegedly transferred approximately $150,000 in assets to Spaulding Trucking. (Ans. 5 n.1). LM bases its estimation on the deposition testimony of Samuels during which Samuels was asked, "[c]an you tell me what the value is of the accounts receivables that are apparently a part of the asset sale?" and he responded, "[a]pproximately . . . at the time of the assignment $150,000." (Ans. 8). LM also has presented the court with a letter from Samuels on behalf of Rally ("Letter") indicating to Spaulding Enterprises' creditors that the accounts receivable on February 8, 2007, for Spaulding Enterprises was $150,000. However, Defendants have shown the $150,000 estimate to have been an error on the part of Samuels and Rally. Samuels has himself signed a declaration stating that the $150,000 he referenced in his deposition was in fact "pledged to [Spaulding Enterprises'] bank, Amcore Bank, as security," and that in the Letter he "mistakenly indicated that [Spaulding Enterprises'] assets included approximately $150,000 in accounts

receivable." (Samuels Decl. Par. 6, 7).

Defendants have presented evidence, which LM has not controverted, that shows that before January 31, 2007, Spaulding Enterprises sold its account receivable to Amcore Bank as part of a factoring agreement entered into in its ordinary business operations and Spaulding Enterprises had no right to collect the account receivable. Defendants have also presented evidence, which LM has not controverted, that shows that on January 31, 2007, Spaulding Enterprises' operating bank account had a negative balance. LM has failed to present sufficient facts or evidence to show that their estimation of the value of the assets transferred is based upon anything other than speculation, and Defendants have presented evidence indicating that the amount in controversy requirement is not met. LM also requests punitive damages in this case, but based upon the modest compensatory damages available to LM if it prevails, LM will not be allowed to recover sufficient punitive damages to meet the amount in controversy requirement. Therefore, since LM has not met its burden to show that this court has subject matter jurisdiction, we grant Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 27, 2007